UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENANCIO OSBELI MACARIO PASCUAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UR JADDOU, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-03184-CKD<br><br><u>ORDER GRANTING EXTENSION OF TIME AND DENYING REQUEST FOR CLERK'S DEFAULT</u><br><br>(ECF Nos. 14, 15) |

Presently before the court is plaintiff Venancio Osbeli Macario Pascual's request for entry of default as to all defendants (ECF No. 14) and defendants Ur Jaddou and United States Citizenship and Immigration Service's motion for extension of time (ECF No. 15).[1]

Plaintiff filed his complaint on November 18, 2024. (ECF No. 1.) Plaintiff filed a certificate of service on December 2, 2024. (ECF No. 6.) On January 23, 2025, defendants moved for a 60 day extension of time to answer plaintiff's complaint. (ECF No. 8.) Plaintiff opposed the motion. (ECF No. 9.) The Court granted defendant's motion for an extension of time for good cause on February 12, 2025. (ECF No. 13.) Defendants' response to Plaintiff's complaint was ordered due on or before March 25, 2025. (*Id.*)

On March 26, 2025, after defendants did not respond to plaintiff's complaint, plaintiff

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 4, 7, 10.)

1  filed a request for clerk's entry of default against all defendants. (ECF No. 14.) That same day,
2  defendants filed a motion for an extension of time and opposed the request for entry of default.
3  (ECF No. 15.) Plaintiff filed a response on March 27, 2025. (ECF No. 16.)

4  Under Federal Rule of Civil Procedure 55(a), the clerk must enter a party's default when
5  "a party against who a judgment for affirmative relief is sought has failed to plead or otherwise
6  defend, and that failure is shown by affidavit or otherwise." The Court notes that default
7  judgements are generally disfavored, and cases should be decided on the merits whenever
8  possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Here, defendant has participated
9  in the case by opposing plaintiff's request for entry of default. Defendants also indicate that they
10 have been litigating the case and communicating with plaintiff. (ECF No. 15 at 2.) Therefore, the
11 Court denies plaintiff's request for clerk's entry of default.

12 Under Local Rule 144(c), an initial ex parte extension of time must include an explanation
13 why a stipulation cannot be reasonably obtained and why an extension is necessary. Except for an
14 initial extension, ex parte applications of time are not ordinarily granted. Local Rule 144(c). Here,
15 defendants are requesting a second ex parte extension of time. Defendants stated they sought
16 consent from plaintiff for a second extension, but plaintiff did not agree to stipulate to this. (ECF
17 No. 15 at 2.) The Court acknowledges that defendants filed their second motion for an extension
18 of time a day late, and the Court warns the parties that requests for extensions of time must be
19 filed well in advance of the deadline. However, the Court finds that there is good cause to grant
20 the second ex parte extension of time. (*See* ECF No. 15 at 4.) Defendants' response to plaintiff's
21 complaint is now due September 22, 2025.

22 For the foregoing reasons, it is HEREBY ORDERED that:
23 1. Plaintiff's request for clerk's entry of default is (ECF No. 14) DENIED;
24 2. Defendants Ur Jaddou and United States Citizenship and Immigration Service's
25    motion for extension of time (ECF No. 15) is GRANTED;
26 /////
27 /////
28 /////

2

3. Defendants' response to plaintiff's complaint is due by September 22, 2025;

Dated: April 2, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, vena.3184.24

3